**No. 63452.**—Norman G. Jensen, Inc. *v.* United States, protest 326163–K (Minneapolis).

FORD, Judge: The merchandise, the classification of which is involved in this suit, was classified by the collector of customs as "Mfrs Base Metal other, nspf," under paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, and duty assessed thereon at the rate of 22½ per centum ad valorem.

Plaintiff, by timely protest, claims said merchandise to be properly dutiable at 13¾ per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, which provides for "Machines, finished or unfinished, not specially provided for: * * * Other."

In attempting to support their position herein, counsel for plaintiff offered the testimony of Reuben Album, who is a factory representative for and a director of the Vulcan Manufacturing Co., the actual importer herein. The witness testified that he was familiar with the imported gear pullers and was instrumental in introducing the manufacturer to his corporation. On one occasion, Mr. Sommers of the Sommers Manufacturing Co., the producer of this item in Canada, showed the witness how the involved gear pullers operated. The witness described the operation as follows:

Q. You say that you saw this gear puller actually demonstrated?—A. He demonstrated. This is quite a while back. I believe he pulled out a bearing, if I recall.

Q. Will you state just what happened; just how this article was operated?— A. You fasten the two arms against the item and you take a wrench and turn a screw there until you get a pressure until it releases.

The witness further testified as to its use and operation in the following manner:

A. It removes hubs, wheels—anything that is hard to get off, or else you got to get a chisel or hammer and damage or break them.

Q. And, is this device used in place of that kind of an operation?—A. Yes.

Q. How does it perform that work; just explain to the Court just how it does this work?—A. Well, when you fasten it on to the hub or bearing of— after you get the wheel off, those two arms, you take a wrench and turn that screw and it has a tremendous power and it will loosen it.

The witness further testified that the arms are caused to move by the turning of the screw at the top with a wrench. Plaintiff's illustrative exhibit 1 is compiled for a catalog of the importer illustrating the gear pullers in question. There is no physical exhibit of the imported merchandise for the court to examine.

In protest cases, there is a presumption of correctness which attaches to the classification of the collector of customs. In order to overcome this presumption, the importer has a dual burden of proof. He must establish that the collector of custom's classification is incorrect and that the classification claimed is correct. *United States* v. *G. Klein & Son,* 42 C.C.P.A. (Customs) 73, C.A.D. 574.

Upon our review of the facts, which included the exhibit and the testimony in the instant case, we feel that the importer did not sustain its burden of proof. In presenting the proof, the importer attempted to show the operation and functioning of the involved gear pullers. The above-quoted testimony represents the evidence so adduced. Such evidence, in our opinion, is not such as

would overcome the presumption of correctness attaching to the collector's classification. The claim in the protest is, accordingly, overruled.

Judgment will be rendered accordingly.